# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOHN K. MATTHEWS,

    Plaintiff,

v.                                                                          Case No. 8:19-cv-2879-T-02AEP

PAMELA LECLERC,

    Defendant.
_____/

## **ORDER GRANTING THE MOTION TO DISMISS**

This matter comes before the Court upon the motion to dismiss filed by Defendant, Pamela LeClerc. Dkt. 14. Plaintiff, an inmate at the Hillsborough County Jail, filed a response in opposition. Dkt. 16. The Court grants the motion.

Plaintiff sued Defendant in both her official and personal capacities under 42 U.S.C. § 1983, alleging that she violated his rights under the First Amendment to the U.S. Constitution. In a nutshell, Plaintiff alleges that he is a practicing "Hebrew Israelite" and Defendant, the part-time jail chaplain, denied him kosher meals which are served upon request to Jewish inmates at the jail.[1]

Plaintiff alleges that he sustained injuries due to Defendant's actions, including humiliation, loss of self-esteem, religious persecution, and religious

---

[1] In his response to the Motion to Dismiss, Plaintiff adds that Defendant denied him other implements for his faith such as a Torah, a Tanakh, and dietary and prayer supplements.

discrimination. Dkt. 1 at 5. Plaintiff is seeking a total of $20,000,000.00 in damages as a result of Defendant's alleged actions. *Id.*

## LEGAL STANDARD

The Court considers the allegations in a complaint as true at this stage. A pro se litigant is accorded leeway in prosecuting his claims, but conclusory allegations and unwarranted deductions of fact are not accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Robbins v. Robertson*, 782 F. App'x 794, 801 (11th Cir. 2019)

A complaint is subject to dismissal if the facts pled do not state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 470 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, a court may dismiss a complaint when the allegations demonstrate that an affirmative defense bars recovery of the claim. *Douglas v. Yates*, 535 F. 3d 1316, 1321 (11th Cir. 2008).

## DISCUSSION

In this case, Plaintiff's Complaint should be dismissed in its entirety because Plaintiff failed to properly bring a claim against Defendant in her official capacity; and Plaintiff failed to comply with the Prison Litigation Reform Act, 42 U.S.C. § 1997.

Plaintiff's claims against Defendant, in her official capacity, are subject to dismissal because a lawsuit against a state official in her official capacity is not a

suit against the official, but is actually a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claim against Defendant in her official capacity is actually a claim against the sheriff's office as whole and the government entity it represents.

"A governmental entity is not liable under § 1983, merely as a matter of *respondeat superior*, for constitutional injuries inflicted by its employees." *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)

The well-traveled *Monell* doctrine requires a plaintiff to demonstrate that an official "policy or custom" was the "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir. 1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here allegations relating to that policy are lacking entirely. Accordingly, any claims brought by Plaintiff against the Defendant in her official capacity must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The Prison Litigation Reform Act applies to pretrial detainees and provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail,

3

prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e), (h). Therefore, "an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015).

Because Plaintiff was incarcerated when his Complaint was filed, and he is requesting damages for emotional injuries—humiliation and loss of self-esteem—without a prior showing of physical injury, the court has the authority to dismiss Plaintiff's Complaint without prejudice. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

Plaintiff has failed to allege a prior showing of physical injury before alleging damages for emotional injuries. Therefore, any claims brought by Plaintiff for emotional injuries are dismissed.

As the Complaint has been dismissed on other grounds, the Court does not rule on the qualified immunity doctrine, which may well bar a claim against Defendant in her personal capacity because the alleged action does not appear to be a personal decision made by the Defendant herself. But if Plaintiff repleads his complaint, he would be well-advised to consider this doctrine if he asserts liability against the chaplain in her personal capacity.

## CONCLUSION

Accordingly, the Court grants the motion to dismiss, Dkt. 14, and the Complaint, Dkt. 1, is dismissed without prejudice.  If Plaintiff wishes to replead to correct errors, an Amended Complaint must be filed within twenty-one (21) days.

**DONE AND ORDERED** at Tampa, Florida, on May 20, 2020.

>  */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, pro se