# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOHN K. MATTHEWS,

    Plaintiff,

v.                                Case No. 8:19-cv-02879-T-02AEP

CHAD CHRONISTER AND
PAMELA LECLERC,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

Plaintiff, a resident of the Hillsborough County jail, filed a lawsuit alleging religious discrimination. The Court dismissed it without prejudice. Doc. 19. Plaintiff appears to have filed an amended complaint, but did not well heed the admonitions given by the Court in the dismissal.

In what appears to be the amended complaint, Doc. 22, Plaintiff states his first complaint sought relief for failure to provide him a kosher diet at the Falkenberg Road jail, as he is a "Black Hebrew Israelite." *See* Doc. 22 at 1; Doc. 1. Plaintiff then states that he filed an amended complaint in May, 2020 (Doc. 16) seeking additional relief because authorities did not provide him dietary supplements and prayer supplements to properly celebrate Passover. Doc. 22 at 1.

This apparent amended complaint is denominated as "(Refile) Notice of Amended Complaint Dkt. #1," was filed in June, 2020, and can be found at Doc. 22. It is very difficult to read, and did not scan well on the court's computer access system. Plaintiff should write any other pleadings in bold black ink, with a "fresh" ink pen if possible.

The June amended complaint, Doc. 22, still seeks relief against the part-time chaplain of the Hillsborough County jail, defendant Leclerc, in her individual capacity. It also seeks relief, against "Chad Chronister/The Hillsborough County Sheriff Department Detention Facility" in its individual capacity. Doc. 22 at 1. By this last reference, Plaintiff seeks to sue both the Sheriff personally, and the facility itself. *Id.* at 2. This pleading states that Leclerc was acting outside of her official capacity in denying Plaintiff the kosher diet and religious accoutrements, and the pleading appears to state that the Sheriff is liable for Leclerc's acts on a respondeat superior basis. Somewhat unclear in this portion of the pleading is a discussion of vicarious liability. The pleading further appears to state that these acts constitute "deliberate indifference" in violation of the eighth amendment's cruel and unusual punishment clause, Doc. 22 at 4, and violated Plaintiff's free exercise of religion. There is also some vague language that could suggest an equal protection claim. Doc. 22 at 3. The document also mentions the Religious Freedom Restoration Act, without citing or substantively discussing it. Doc. 22 at 4.

Defendants moved to dismiss this filing.  Doc. 23.  As a first ground, Defendants note that the amended complaint, Doc. 22, is indecipherable at points.  This is well taken.  Defendant's motion also notes that Plaintiff's contention that he filed an amended complaint in May 2020 (Doc. 16) is mistaken—he did not.  Doc. 23 at 2.  In this regard, Defendants are correct.  The May 2020 filing was not an amended complaint but rather was Plaintiff's response to a motion to dismiss.

## ANALYSIS

The Document filed as an amended complaint, Doc. 22, fails to meet the lax standards which apply to pro se pleadings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  It is confusing and unclear.  It does appear that Plaintiff is suing because the policy of the Sheriff will not provide Plaintiff, as a "Black Hebrew Israelite" a kosher diet and some religious accommodations and accoutrements.  The unclear pleadings filed by Plaintiff set forth that Leclerc, a part-time chaplain, is only carrying out the Sheriff's policy.

Here is what Plaintiff must do if he wishes to pursue this lawsuit further.  The present complaint at Doc. 22 is dismissed. Plaintiff, using a black ink pen, may file a second amended complaint within 30 days.  Leclerc is dismissed with prejudice.[1]  Plaintiff may not sue this part-time chaplain Leclerc again.  Plaintiff

---

[1] Defendants' motion well establishes the qualified immunity which Leclerc is entitled to.  Doc. 23 at 5–7.  Her presence in this lawsuit is irrelevant to any remedy Plaintiff could possibly receive if he were successful.  Likewise, any suit against Chad Chronister in his personal

may bring a complaint only against this party: Chad Chronister, in his official capacity as Sheriff of Hillsborough County.  Plaintiff must spell out precisely what this offensive "policy or custom" is, and what rights, exactly, this Sheriff policy or custom violates.  Plaintiff must state what his concrete injuries are.  The eighth amendment's cruel and unusual clause is not violated by this policy and Plaintiff may not reassert that.  Plaintiff must set forth in precise detail exactly how he exhausted administrative remedies at the jail.  If Plaintiff cites the Religious Freedom Restoration Act, or any other statute or case law, he must give the precise citation to it in the books, and he must discuss why and how it applies to his case.

        **DONE AND ORDERED** at Tampa, Florida, on July 14, 2020.

                                */s/ William F. Jung*
                                **WILLIAM F. JUNG**
                                **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, pro se

---

capacity would also be barred by qualified immunity and is not relevant to a full remedy available to Plaintiff if he were to achieve success in this claim.